**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

JOSHUA MOSES,            1:19-cv-4811 (NLH)

    Petitioner,          **MEMORANDUM OPINION & ORDER**

v.

WARDEN DAVID ORTIZ,

    Respondent.

**APPEARANCES**:

Joshua Moses
55716-066
Fort Dix
Federal Correctional Institution
Inmate Mail/Parcels
East: P.O. Box 2000
Fort Dix, NJ 08640
    Petitioner Pro se

**HILLMAN, District Judge**

    WHEREAS, Joshua Moses has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 arguing that errors in his presentence report ("PSR") caused the Bureau of Prisons ("BOP") to misclassify him, see ECF No. 1; and

    WHEREAS, Petitioner was convicted of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), in the United States District Court for the Eastern District of Pennsylvania, see ECF No. 1-1 at 1; see also United States v. Moses, No. 14-cr-232 (E.D. Pa. May 13, 2015); and

WHEREAS, Petitioner challenges the accuracy of his PSR from the Eastern District, stating that "Paragraph 30 of the PSR states that petitioner was arrested by Philadelphia Police and charged with 297.8 grams of crack cocaine, and that petitioner awaited trial on these charges. This was incorrect." ECF No. 1 at 3. He asserts he was charged with possessing powder cocaine, not crack cocaine. Id.; see also Commonwealth v. Roy Moses, CP-51-CR-0001275-2012 (C.P. Phila. Cty., May 1, 2015); and

WHEREAS, Petitioner argues the BOP used the error in his PSR to enhance his custody classification and security designation without verifying the information in the PSR or the statement of reasons attached to his judgment of conviction. ECF No. 1 at 4. He asks the Court to order the Probation Office to correct the PSR and to allow him to transfer to minimum custody or a halfway house. Id.; and

WHEREAS, Petitioner brings this petition for a writ of habeas corpus as a pro se litigant. The Court has an obligation to liberally construe pro se pleadings and to hold them to less stringent standards than more formal pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Higgs v. Attorney Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011), as amended (Sept. 19, 2011) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of

tolerance.

WHEREAS, before filing this § 2241 petition, Petitioner attempted to correct his PSR through the sentencing court with the assistance of counsel. Moses, 14-cr-232 (E.D. Pa. Dec. 20, 2017) (ECF No. 106). The Eastern District determined that the court lacked jurisdiction over the request because "'sentencing courts do not retain jurisdiction . . . to entertain challenge to the PSR after final judgment.'" Moses, 14-cr-232 (E.D. Pa. Dec. 20, 2017) (ECF No. 109 at 2 n.2) (quoting United States v. Ballard, 512 F. App'x 512, 153 (3d Cir. 2013)) (omission in original). It dismissed the request "without prejudice to his filing a § 2241 habeas petition in the district of his confinement, 'after exhausting such administrative remedies with the BOP as may be available to him.'" Id. (quoting Ballard, 512 F. App'x at 153); and

WHEREAS, Petitioner also attempted to correct his PSR through the BOP's administrative remedy program, see ECF No. 1-3 at 44;

WHEREAS, Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). The circuit has permitted claims regarding "BOP conduct that conflicted with express statements in the applicable sentencing judgment" to proceed

3

under § 2241 because such allegations assert "that the BOP was not properly put[ting] into effect or carry[ing] out the directives of the sentencing judgment." Id. (internal quotation marks omitted) (alterations in original); and

WHEREAS, the Third Circuit has not yet decided in a precedential decision that a challenge to the accuracy of a PSR may be brought in a § 2241 petition. See Williams v. Fed. Bureau of Prisons & Parole Comm'n, 85 F. App'x 299, 304 (3d Cir. 2004). As recognized by Judge Padova in the Eastern District, the court of appeals has suggested in a few unpublished, non-precedential opinions that § 2241 might be "an avenue for relief." United States v. Ballard, 512 F. App'x 152, 153 (3d Cir. 2013) (per curiam) (dismissing motion under Fed. R. Crim. P. 32 without prejudice to filing a § 2241 petition, but not deciding whether § 2241 jurisdiction was proper); and

WHEREAS, presuming there was an error in Petitioner's PSR that caused the BOP to miscalculate his custody classification score, the error has had a real-world effect on the circumstances under which Petitioner serves his sentence. He attempted to correct the error through agency action to no avail. He attempted to correct the error through the sentencing court, but that court determined it lacked jurisdiction to correct a PSR after final judgment under any circumstances and directed Petitioner to file a petition under § 2241 in the

district of confinement; and

WHEREAS, it appears to the Court that Petitioner finds himself in a Kafkaesque situation. If the PSR was truly wrong and no administrative remedy exists to cure the error, no jurisdiction exists in the sentencing court, and if this Court is to narrowly construe Third Circuit law to preclude jurisdiction in this Court pursuant to § 2241, Petitioner has suffered a wrong to which there is no remedy; and

WHEREAS, the Court is concerned at the prospect of there being no remedy to address Petitioner's claim of error. Therefore, it invites the United States to submit an answer limited to whether this Court has jurisdiction under § 2241 and <u>Ballard</u> to address Petitioner's claims of errors in his PSR,

THEREFORE, IT IS on this <u>  6th  </u> day of <u>March</u>, 2020

ORDERED that the Clerk shall serve a copy of the Petition, ECF No. 1, and this Order upon Respondent by regular mail, with all costs of service advanced by the United States; and it is further

ORDERED that the Clerk shall forward a copy of the Petition and this Order to the Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov; and it is further

ORDERED that the United States shall submit an answer limited to whether this Court has jurisdiction under § 2241 and

5

United States v. Ballard, 512 F. App'x 152 (3d Cir. 2013) to address Petitioner's claims of errors in his PSR, within thirty (30) days of the date this Order is filed; and it is further

ORDERED that Respondent shall file and serve with the answer certified copies of all documents cited in their answer; and it is further

ORDERED that within thirty (30) days of receipt of the answer, Petitioner may file a reply to the answer; and it is further

ORDERED that any request to deviate from this Order to Answer shall be made by motion; and it is further

ORDERED that within seven (7) days of Petitioner's release, be it parole or otherwise, Respondent shall electronically file a written notice of the same with the Clerk; and it is finally

ORDERED that the Clerk shall send a copy of this Order to Petitioner by regular mail.

At Camden, New Jersey        s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.